UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TYRONE RACKLEY, SR.**                                   **CIVIL ACTION**

**VERSUS**                                                **NO. 07-504**

**STATE OF LOUISIANA, ET AL.**                            **SECTION: "R"(1)**

## REPORT AND RECOMMENDATION

Plaintiff, Tyrone Rackley, Sr., a state pretrial detainee, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. He names as defendants the State of Louisiana, Section J of the Orleans Parish Criminal District Court, Judge Darryl A. Derbigny, an unidentified assistant district attorney, and an unidentified assistant public defender. In this lawsuit, plaintiff brings various claims regarding his ongoing state criminal proceedings, including claims that he was wrongly denied bond at his initial appearance, was improperly arraigned, has been denied a speedy trial, has been denied the right to defend himself, and has been denied the effective assistance of counsel.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.

Broadly reading plaintiff's complaint,[1] the Court finds that the complaint should be dismissed as frivolous, for failing state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

### *Habeas* Claims

As an initial matter, the Court notes that plaintiff requests in his complaint that he be given his "freedom from [his] unlawful [state criminal] trial." To the extent that he is seeking to gain release from his continued detention, he must pursue that form of relief in a *habeas corpus* proceeding *after* exhausting his remedies in state court, not in a civil rights action brought pursuant to 42 U.S.C. § 1983. See Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994).

However, plaintiff indicates in his complaint that he is additionally seeking "compensatory and punitive damages." For the following reasons, plaintiff's claims for monetary damages must also be dismissed.

### State of Louisiana

Plaintiff has named as a defendant the State of Louisiana. The Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002). The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Id. at 281 (quotation marks and citations omitted). Claims barred by sovereign immunity should be dismissed without prejudice. Warnock v. Pecos County, Texas, 88 F.3d 341, 343 (5th Cir. 1996).

### Section J of the Orleans Parish Criminal District Court

Plaintiff has also named as a defendant Section J of the Orleans Parish Criminal District Court. However, the Eleventh Amendment likewise bars § 1983 claims against a state court. Jefferson v. Louisiana State Supreme Court, 46 Fed. App'x 732 (5th Cir. 2002); Southern Christian Leadership Conference v. Supreme Court of State of Louisiana, 252 F.3d 781, 782 n.2 (5th Cir. 2001); Landers Seed Co., Inc. v. Champaign National Bank, 15 F.3d 729, 731-32 (7th Cir. 1994); Clark v. Clark, 984 F.2d 272, 273 (8th Cir. 1993). Further, in any event, a state court is not a "person" subject to suit under § 1983. Moity v. Louisiana State Bar Association, 414 F. Supp. 180, 182 (E.D. La.), aff'd, 537 F.2d 1141 (5th Cir. 1976); Harris v. Louisiana State Supreme Court, 334 F.Supp. 1289, 1300 (E.D. La. 1971); see also Clark, 984 F.2d at 273.

### Judge Darryl A. Derbigny

Plaintiff has also sued Judge Darryl A. Derbigny, the presiding judge in the state criminal proceedings.

As to any claim for monetary damages against Judge Derbigny in his individual capacity, he is protected from such claims by absolute judicial immunity. It is well established that absolute

judicial immunity protects a judge from liability for all judicial functions, so long as the judge does not act in clear absence of all jurisdiction:

> Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant. Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in complete absence of all jurisdiction.

Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994) (citations omitted); see also Brandley v. Keeshan, 64 F.3d 196, 200 (5th Cir. 1995) (absolute immunity applies even where judge's "exercise of authority is flawed by grave procedural errors" or where the judge "took action maliciously or was in excess of his authority"); Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1990). In the instant case, the claims against Judge Derbigny are based on actions he has taken or is taking in plaintiff's ongoing state criminal proceedings. Because there is no question that Judge Derbigny has jurisdiction over plaintiff's criminal case and the challenged actions were and continue to be performed in the exercise of Judge Derbigny's judicial functions, he is entitled to absolute immunity with respect to any claim against him in his individual capacity for monetary damages.

As to any claim against Judge Derbigny in his official capacity, such claims are also barred. A judgment against Judge Derbigny in his official capacity would be satisfied out of the state treasury. La.Rev.Stat.Ann. § 13:5108.1. Therefore, any official-capacity claim against him is in reality a claim against the state itself, and, therefore, is barred by the Eleventh Amendment. Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir. 1986); see also Wallace v. Texas Tech Univ., 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official

capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").[2]

### Unidentified Assistant District Attorney

Plaintiff indicates in his complaint that he also intends to sue the unidentified assistant district attorney prosecuting the criminal case. Even if the assistant district attorney were properly named, the claim against him would be barred.

---

[2] Out of an abundance of caution, the Court further notes that plaintiff would also be barred from seeking injunctive relief against Judge Derbigny. The Federal Courts Improvement Act of 1996, which amended 42 U.S.C. § 1983, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983; Guerin v. Higgins, 8 Fed. App'x 31 (2nd Cir. 2001); Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts, 83 F. Supp. 2d 204, 210 (D. Mass.), aff'd, 248 F.3d 1127 (1st Cir. 2000). Moreover, even prior to that amendment, the United States Supreme Court held that federal courts generally should not intervene in the manner in which state judicial officers conduct criminal proceedings. The Supreme Court noted:

> The Court has recently reaffirmed the 'basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied relief.' Younger v. Harris, 401 U.S. 37, 43-44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). Additionally, recognition of the need for a proper balance in the concurrent operation of federal and state courts counsels against the issuance of injunctions against state officers engaged in the administration of the State's criminal laws in the absence of a showing of irreparable injury which is both "great and immediate." Id., at 46, 91 S.Ct., at 751.

O'Shea v. Littleton, 414 U.S. 488, 499 (1974). A criminal defendant prejudiced by misconduct of a presiding judge finds relief not by bringing a federal lawsuit pursuant to 42 U.S.C. § 1983, but rather by availing himself of state procedures for a change of venue or recusal of a judge, seeking review of any resulting conviction through direct appeal or post-conviction collateral review, and filing a petition for federal *habeas corpus* relief in appropriate circumstances. See id. at 502.

As to the claim against the assistant district attorney for monetary damages in his individual capacity, such claims are barred by absolute prosecutorial immunity. "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993). Further, "[a] prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Kerr v. Lyford, 171 F.3d 330, 337 (5th Cir. 1999) (internal quotation marks, citation, and footnote omitted), *abrogated on other grounds*, Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003). In the instant case, the claims against the assistant district attorney relate to his prosecution of plaintiff in the state criminal proceedings. Those actions clearly were taken in his role as an advocate for the state and, therefore, he is entitled to absolute immunity with respect to the actions.

Out of an abundance of caution, the Court also notes that plaintiff has failed to state a claim for monetary damages against the assistant district attorney in his official capacity. The United States Fifth Circuit Court of Appeals has noted:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities. Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

Burge v. Parish of St. Tammany, 187 F.3d 452, 470 (5th Cir. 1999). The Fifth Circuit has further held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official copy or custom.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). In the instant case, plaintiff does not allege that his alleged injuries in any way stem from an official policy or custom of the Orleans Parish District Attorney.

### Unidentified Assistant Public Defender

Plaintiff has also sued the unidentified assistant public defender assigned in the state criminal proceedings. For a § 1983 claim against the assistant public defender to be cognizable, he must have been acting under color of state law. See, e.g., Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989) ("A claim for relief under 42 U.S.C. § 1983 must contain two elements: 1) that [the plaintiff has] been deprived of a right secured by the Constitution or laws of the United States; and 2) that the defendant acted under color of state law."). However, it is clear that a public defender is not acting under color of state law when serving as defense counsel. Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Therefore, plaintiff has failed to state a cognizable § 1983 claim against the unidentified assistant public defender.

Denial of Writ of Mandamus

Out of an abundance of caution, the Court notes that plaintiff alleges in his complaint and supplemental filing[3] that the Louisiana Fourth Circuit Court of Appeal wrongly denied his application for writ of mandamus. To the extent that plaintiff meant that as a claim in this proceeding, he has named no defendant with respect to the claim. Nevertheless, in any event, such a claim is not cognizable in this Court. If plaintiff disagreed with that state court ruling, his recourse was to file a writ application with the Louisiana Supreme Court, not a civil rights action in federal district court. See Guidry v. East Feliciana Parish Police Jury, 210 F.Supp.2d 802 (M.D. La. 2002).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims against the State of Louisiana, Section J of the Orleans Parish Criminal District Court, and Judge Darryl A. Derbigny in his official capacity be **DISMISSED WITHOUT PREJUDICE** pursuant to the Eleventh Amendment.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Judge Darryl A. Derbigny in his individual capacity, the unidentified assistant district attorney, and the unidentified assistant public defender be **DISMISSED WITH PREJUDICE** as frivolous, for failing state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

---

[3] Rec. Doc. 6.

the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    New Orleans, Louisiana, this twenty-ninth day of May, 2007.

                                          _____
                                          **SALLY SHUSHAN**
                                          **UNITED STATES MAGISTRATE JUDGE**